# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| J.H., by his parents and next friends, L.H. and J.H., <br><br> Plaintiff, <br><br> v. <br><br> LAKE CENTRAL SCHOOL CORPORATION, LAWRENCE VERRACCO (in his personal capacity), and JOAN MACHUCA (in her personal capacity), <br><br> Defendants. | |
| LAKE CENTRAL SCHOOL CORPORATION and WEST LAKE SPECIAL EDUCATION COOPERATIVE, <br><br> Plaintiffs, <br><br> v. <br><br> J.H., by his parents and next friends, L.H. and J.H., <br><br> Defendant | Civil Action No. 2:11-CV-228-JVB |

**OPINION AND ORDER**

This matter is before the Court on Lawrence Verracco and Joan Machuca's motion to dismiss J.H.'s Second Amended Complaint, as against them, for failure to state a claim. J.H.'s Second Amended Complaint adds Verracco and Machuca as Defendants. It also asserts two new claims against all Defendants: one under 42 U.S.C. § 1983 and another for intentional infliction of

emotional distress ("IIED"). The Court finds that J.H. fails to state a claim against Verracco or Machuca and accordingly grants Verracco and Machuca's motion to dismiss.

**A. Background**

J.H. is a student diagnosed with autism, and L.H. and J.H. are his parents. (Sec. Am. Compl. ¶ 14.) J.H.'s parents did not believe Lake Central School Corporation ("Lake Central") was providing him a free appropriate public education, and they requested an administrative hearing in September 2010. (*Id.* ¶ 2.) The hearing took place over the course of sixteen days (*id.* ¶ 3), and the independent hearing officer (IHO) issued his decision in the spring of 2011 (*Id.*)

The IHO ordered that Lake Central pay J.H.'s tuition for two years at a therapeutic day treatment school, including summer school. (Ex. P to J.H's Br. Supp. Req. for Inj., IHO's Modific'n of Final Order, DE 3 at 46.) Shortly thereafter, Lake Central applied to the Indiana Department of Education for funding of J.H.'s tuition. (Ex. B to Br. Supp. Def.'s Mot. Dismiss, DE 12 at 17.) That application was denied. (Ex. A to Rep. Supp. Mot. Dismiss, DE 21-1 at 1–2.)

After the IHO's hearing, J.H., through counsel, and with his parents as next friends,[1] sued to seek attorney's fees for the underlying administrative hearing and an order that Lake Central immediately place him at Elim Christian School. (Compl., DE 1, at 4.) He also moved for a preliminary injunction establishing his placement at Elim Christian. (DE 2.) The Court granted that motion, ruling that the IHO's decision made Elim Christian JH's stay-put placement under the IDEA. *See* 20 U.S.C. § 1415(j); (DE 28).

---

[1] Despite some references in this action to "Plaintiffs," there is apparently only one Plaintiff involved in the claims against Lake Central, Verracco, and Machuca. That Plaintiff is J.H. His parents are not parties in their own right. *See* (Sec. AM. Compl. 1 ("COMES NOW Plaintiff, J.H., a minor, by and through his parents, by counsel and do [*sic*] hereby file this second amended complaint against Defendants. Plaintiffs' claim already included a reimbursement of attorney's fees . . .")); Fed. R. Civ. P. 17; *T.W. v. Brophy*, 124 F.3d 893, 895 (7th Cir. 1997) (discussing generally the next-friend representation of minors and incompetent persons).

At the current stage of this litigation, the Second Amended Complaint is J.H.'s operative complaint. (DE 80.) It adds as Defendants the movants for dismissal, Joan Machuca, Director of Special Education for Lake Central, and Lawrence Verracco, Superintendent of Lake Central. The Second Amended Complaint asserts two causes of action against each of the new Defendants: one under 42 U.S.C. § 1983 for deprivation of federal rights by a person acting under color of law and another for the state-law tort of intentional infliction of emotional distress.

At first glance, the Second Amended Complaint appears to seek attorney's fees from Machuca and Verracco for the alleged IDEA violation: "Defendants have violated the IDEA by not complying with the hearing officer's orders and by not providing reimbursement of attorney's fees." J.H. asserts this against "Defendants" generally. His Response, however, abandons the IDEA claim against Machuca and Verracco. Responding to Defendants' opening dismissal brief, J.H. states:

> Verracco and Machuca argue that the Family's suit against them should be dismissed because the Family seeks reimbursement of attorney's fees. They are incorrect. While the Family does seek, from the School, reimbursement of attorney's fees for their due process victory against it, the Family is alleging a new cause of action against Verracco and Machuca personally under 42 U.S.C. § 1983.

(Resp. 6.)

Beyond this mention, J.H.'s response nowhere defends against dismissal of any ostensible claim against Veracco or Machuca personally under the IDEA, apart from a claim under 42 U.S.C. § 1983. Because of this, the Court finds that Plantiff has conceded the IDEA claim against Verracco and Muchuca, insofar as Plaintiff intended to assert such a claim to begin with.

As to the § 1983 action, J.H. contends that Defendants, acting under color of state law, have frivolously appealed the IHO's decision for the purposes of "harassment, delay, and to cause

3

J.H.'s distress." (Sec. Am. Compl. ¶ 7.) These litigation tactics have allegedly resulted in "substantial emotional and financial distress" (*id*. ¶ 9) ostensibly depriving J.H. of federal rights secured by the IDEA (*id*. ¶¶ 32–33). J.H. complains that Defendants violated the IDEA by "failing to follow the hearing officer's order to privately place J.H." and by "failing to timely reimburse Plaintiffs for educational expenses." (Sec. Am. Compl. ¶¶ 26–27.)

J.H.'s theory of liability as to his IDEA claim is similar to his theory under the § 1983 claim: "Defendants have intentionally or recklessly inflicted emotional distress upon Plaintiffs by being deliberately indifferent to Plaintiff's rights under the IDEA. As a result of this intentional or reckless infliction of emotional distress, Plaintiffs have suffered emotional as well as financial distress." (*Id*. ¶¶ 36–37.)

**B. Standard for Dismissal**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 555 (2007)). As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the

pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 570).

## C. Analysis

### (1) *§ 1983 claim*

J.H. alleges that "Defendants, under color of state law, made litigation decisions for the purposes of harassing, intimidating, and retaliating against the family for exercising their rights under the IDEA." (Sec. Am. Compl. ¶ 32.) J.H. further contends that Machuca and Verracco violated the IHO's order by not privately placing J.H. and by not timely reimbursing Plaintiff's educational expense. (*Id.* ¶¶ 26–27.) He represents that these actions infringed his federally established rights under the IDEA and that they form the basis of a claim under 42 U.S.C. §1983. The Court reads the Second Amended Complaint to assert two separate theories of § 1983 liability for an IDEA violation: (1) Machuca and Verracco caused Lake Central to pursue a frivolous appeal that has resulted in severe emotional distress to J.H. and/or his parents, and (2) Machuca and Verracco have contravened the IHO's order. Under either theory, J.H. first needs to show that a federal right has been violated.

Qualified immunity shields public officials from personal § 1983 liability when they perform discretionary duties. *Chelios v. Heavener*, 520 F.3d 678, 690–691 (7th Cir. 2008.) (citing *Belcher v. Norton*, 497 F.3d 742, 749 (7th Cir. 2007)). To prevail, the plaintiff must show that a federal right was violated, and that the right was clearly established at the time. *Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir. 2000). J.H. has failed to show that a federal right has been violated under either theory of § 1983 liability. And therefore, he has failed to state a claim upon which relief can be granted under § 1983.

(a) *Emotional distress-based § 1983 claims*

J.H. seeks redress for Defendants allegedly frivolously appealing an unfavorable IHO's decision. This appeal, he claims, has caused severe financial and emotional distress. But the IDEA does not protect against this type of harm. Instead, the IDEA's purpose is to ensure that every disabled child can receive a free and appropriate public education. *See* 20 U.S.C. § 1401 (d)(1)(A); 20 U.S.C. § 1412 (a)(1)(A). J.H. has failed to identify any authority for the proposition that the IDEA provides redress for pure emotional injuries. The Court likewise finds none. As such, J.H. has failed to establish that a federal right has plausibly been violated by causing emotional distress.

Moreover, the IHO's order states that "any party disagreeing with the decision of the independent hearing officer may file a petition for judicial review with a civil court with jurisdiction." (Ex. A to J.H's Br. Supp. Req. for Inj., IHO's Modific'n of Final Order, DE 3 at 27.) The statute likewise gives "[a]ny party aggrieved by the findings and decision [of the IHO] . . . the right to bring a civil action." 20 U.S.C. § 1415(i)(2)(A).

(b) *Failing to comply with the IHO's order*

J.H.'s alternate theory of liability is that the Defendants have failed to comply with the IHO's decision by not privately placing J.H. and by not timely reimbursing his educational expenses.

In evaluating this claim, the Court will look to the IHO's decision. (Ex. A to Br. Supp. Mot. Prelim. Inj., DE 3 at 12–28),[2] which provides:

---

[2] The Court can consider documents outside of the complaint if they are central to the Plaintiff's claim and referred to in the complaint. *See Tierney v. Vahle*, 304. F.3d 734, 738 (7th Cir. 2002). Like a written contract underlying a claim for breach of contract, the IHO's decision is at the heart of the Plaintiff's only remaining theory of liability. He asserts that Verracco and Machuca have violated the IHO's decision; therefore, the IHO's decision can be used to evaluate this cause of action under Rule 12(b)(6).

> The student has been seriously deprived of educational benefit and loss of educational opportunity because of the procedural flaws set forth above. The loss of educational opportunity has resulted in a denial of a free appropriate education.
>
> Accordingly, as and for compensatory education the School is ordered to pay tuition for the Student for two years of attendance at a therapeutic day treatment school. This would include the summer school offered by the therapeutic day school. The parents shall select the therapeutic day school. The cost of tuition for the therapeutic day school shall not exceed $50,000 per year.

(*Id.*, DE 3 at 27.)

Nowhere has the IHO imposed a requirement that Verracco and Machuca privately place J.H. Instead, the decision forces Lake Central to pay tuition at a school of Plaintiff's parents' choosing. Therefore, Defendants cannot be said to have violated the IHO's decision or the IDEA by not placing J.H. in a private school.

Also, J.H. alleges that Defendants have failed to timely reimburse J.H. for educational expenses. Without substantiating facts, this is a mere legal conclusion. *See Iqbal,* 556 U.S. at 679. J.H. has not alleged a plausible violation of the IHO's order that consists of untimely reimbursement.

**(2)** *Intentional Infliction of Emotional Distress claim*

The elements of an IIED claim are "that the defendant: (1) engage[d] in extreme and outrageous conduct (2) which intentionally or recklessly (3) cause[d] (4) severe emotional distress to another." *Brown v. Indianapolis Hous. Agency*, 971 N.E.2d 181, 187 (Ind. Ct. App. 2012). IIED "liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Bradley v. Hall*, 720 N.E.2d 747, 752–753 (Ind. Ct. App. 1999) (quoting Restatement (Second) of Torts § 46 (1965)).

The overall theme of J.H.'s operative complaint is that Defendants engaged in frivolous litigation tactics for the sole reason of inflicting emotional distress. "Untimely filings, lengthy and duplicative cross examinations, and rigid scheduling," (Sec. Am. Compl. ¶ 25) have all allegedly caused mental anguish.

But these allegations do not rise to the level of extreme and outrageous conduct. In *Gable v. Curtis*, 673 N.E.2d 805, 807 (Ind. Ct. App. 1996), the defendant called the plaintiff seven times in one hour, screamed and yelled at the plaintiff, threatened to repossess her home, and stated repeatedly that the plaintiff "would pay." The plaintiff was very upset after all this, locked her doors, feared for the lives of her family members, and was brought to tears. The *Gable* court found that "while the [defendant's] conduct in making the phone calls may have been unreasonable and abusive, it was not sufficiently outrageous to state a cause of action for the intentional infliction of emotional distress." *Id*. at 811.

J.H. has not pleaded, even in conclusory fashion, that the protracted litigation tactics are "extreme and outrageous conduct." His claim falls short of showing that the litigation tactics are completely beyond all accepted standards of conduct in a civilized society. Therefore, J.H. has not pleaded a plausible claim for IIED.

### D. Conclusion

J.H. has failed to state a plausible claim against Verracco and Machuca. Verracco and Machuca's Motion to Dismiss (DE 85) is **GRANTED**. J.H.'s § 1983 claim is dismissed without prejudice. The IIED claim is dismissed with prejudice, as the Court finds that further amendment would be futile. J.H. may file a third amended complaint within thirty days.

**SO ORDERED** on August 19, 2013.

                                             s/ Joseph S. Van Bokkelen
                                            JOSEPH S. VAN BOKKELEN
                                            UNITED STATES DISTRICT JUDGE