**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

J.H. and his parents and next of friends, L.H. and J.H.,

Plaintiffs,

v.

LAKE CENTRAL SCHOOL CORPORATION, LAWRENCE VERACCO (in his personal capacity), and JOAN MACHUCA (in her personal capacity),

Defendants.

---

LAKE CENTRAL SCHOOL CORPORATION and WEST LAKE SPECIAL EDUCATION COOPERATIVE,

Plaintiffs,

v.

J.H., by his parents and next friends, L.H. and J.H.,

Defendants.

Civil Action No. 2:11-CV-228-JVB-PRC

**OPINION AND ORDER**

This case began as an action by Plaintiffs, J.H. and his parents, to obtain a free appropriate public education ("FAPE") for J.H. as guaranteed by the Individuals with Disabilities Education Act ("IDEA"). After the administrative hearing officer's decision in favor of Plaintiffs, both Lake Central School Corporation and West Lake Special Education Cooperative (the "School Defendants") petitioned the Court for relief from the decision. Plaintiffs also filed suit to be declared the prevailing party in the administrative hearing, which allows for the

recovery of attorneys' fees and costs for the administrative proceeding. Plaintiffs also raised claims under the IDEA and § 1983. All of these actions were then consolidated. The Court addressed the parties' cross motions for summary judgment and School Defendants' motion to dismiss under Rule 12(b)(6). After the Court's decision on these pre-trial motions, School Defendants filed a motion to reconsider. Specifically, School Defendants ask the Court to reconsider its decision to remand this case to the hearing officer for a finding on the appropriateness of the school J.H. was placed in and "to consider explicitly . . . whether the Family is entitled to reimbursement for J.H.s private placement."

A motion to reconsider is appropriate when: (1) a court misunderstands a party; (2) a court decides an issue outside the adversarial issues presented by the parties; (3) a court makes an error of apprehension, as opposed to an error of reasoning; (4) a significant change in the law has occurred; or (5) significant new facts have been discovered. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011). The Court addresses this motion because significant new facts have come to light as a result of School Defendants' motion to reconsider.

**A. Procedural History**

The Court granted in part and denied in part Plaintiffs' motion for summary judgment on the IDEA and § 1983 claims. (DE 137, Op. & Order, at 16–17.) The Court affirmed the hearing officer's decision that the family's rights to a FAPE under the IDEA were violated by the school, but denied the motion for summary judgment as it concerned the § 1983 claim. (*Id.*) The Court also granted in part and denied in part School Defendants' motion to dismiss. The Court dismissed the § 1983 claim against Lake Central, dismissed the IDEA claim insofar as it sought monetary damages, but denied the motion as it pertained to the § 1983 claim against Lawrence Veracco and Joan Machuca in their individual capacity. Lastly, the Court affirmed the hearing

officer's decision regarding the IDEA claim, but vacated the portion of the decision that required School Defendants to "pay tuition and transportation costs for J.H. to attend a therapeutic day treatment school of his parents' choice for two years, up to $50,000 per year." (*Id*. at 17.) The Court's decision was based on the failure of the hearing officer to determine whether J.H.'s chosen school was a proper placement under the IDEA. *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 246 (2009) (requiring that the private school be deemed a "proper placement" under the IDEA before ordering reimbursement).

**B. School Defendants' Motion to Reconsider**

School Defendants raise two issues in their motion to reconsider. First, School Defendants request the Court to stay the remand proceedings. This issue is moot on the basis of the hearing officer's order staying the remand until the Court addressed the School Defendants' Motion to Reconsider. (DE 139-1, Ord., at 1.) Consequently, the Court will not address this issue.

Second, School Defendants contend that remand is unnecessary because the issue of reimbursement is moot. In support, School Defendants argue that they have already paid for J.H.'s private placement and "cannot and will not be able to recoup the amount paid" to the Plaintiffs or the school J.H.'s parents selected, Elim Christian School. (DE 138, Def.'s Mot., at 3–4.) Specifically, Defendants assert that they have already paid: (1) transportation costs for the summer of 2011 through most of September 2011; (2) transportation and tuition bills submitted by Elim Christian School; (3) the tuition for the 2012 Summer School session; and (4) the 2012-2013 School Year tuition through November 2012, when Plaintiffs moved to Illinois and Elim Christian School no longer billed School Defendants. (*Id*., at 3.)

Plaintiffs counter with four arguments that the controversy is not moot and, even if it were, School Defendants have waived their opportunity to argue mootness. (DE 139, Resp., at 3.) First, Plaintiffs contend that since the Court vacated the hearing officer's compensatory award, new factual findings regarding the appropriateness of Elim Christian School are needed for the Court to determine an appropriate compensatory award. (*Id.*) Next, Plaintiffs allege that they have not been reimbursed for their initial placement of J.H. in the summer of 2011. (*Id.*) Third, Plaintiffs contend that that the issue is not moot because "Defendants have not retreated from their position that reimbursement for Elim or placement at Elim is not an appropriate compensatory award and therefore, this Court needs findings regarding the appropriateness of Elim in order to evaluate the strength of Defendants' arguments." (*Id.*) Next, Plaintiffs contend that to receive an award of attorneys' fees as a prevailing party under the IDEA, they need the Court to "make an award that materially changes the relationship between the parties." (*Id.*) Lastly, Plaintiffs argue that the doctrine of laches prevents Defendants from raising the issue of mootness at this juncture.[1] (*Id.*)

**C. Analysis**

Plaintiffs contend that remand is appropriate because it is the only manner for them to pursue their desired relief and that a live controversy exists between themselves and School Defendants on the issue of reimbursement. Plaintiffs are incorrect. While the hearing officer should have made a finding on the appropriateness of Elim Christian School, to remand to the hearing officer now serves no purpose. School Defendants have impliedly conceded that the placement was proper by stating that they "cannot and will not be able to recoup the amount

[1] The Court will not address Plaintiffs' laches argument. Mootness is an issue of jurisdiction and if a case is moot, "the federal courts lose subject matter jurisdiction." *Aslin v. Fin. Indus. Regulatory Auth., Inc.*, 704 F.3d 475, 477 (7th Cir. 2013).

paid" to Plaintiffs or Elim Christian School. (DE 138, Def.'s Mot., at 3–4.) Moreover, on remand, the amount of the hearing officer's reimbursement award would be unaffected by a finding that Elim Christian School was appropriate. Plaintiffs remaining issues, attorneys' fees as the prevailing party in the administrative hearing and their § 1983 claim, are similarly unaffected by the Court's decision to reconsider its previous order.

A case is moot when a court cannot possibly give a party, should they prevail, any relief. *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013). Stated differently, "the mootness inquiry turns on whether the relief sought would, if granted, make a difference to the legal interests of the parties (as distinct from their psyches, which might remain deeply engaged with the merits of the litigation) ." *Air Line Pilots Ass'n, Int'l v. UAL Corp.*, 897 F.2d 1394, 1396 (7th Cir. 1990).

Section 1415(i)(2)(C)(iii) of the IDEA authorizes "reimbursement when a school district fails to provide a FAPE and a child's private-school placement is appropriate." *Forest Grove Sch. Dist. v. T. A.*, 557 U.S. 230, 243 (2009). The progeny of cases addressing reimbursement under the IDEA clearly demand a finding from the hearing officer that the school placement is appropriate, which makes the omission of this finding here surprising. Nevertheless, based on the statements of School Defendants, such a finding at this juncture of the case would have no effect. School Defendants concede that they cannot and will not seek to recover the monies already paid to Plaintiffs and Elim Christian School. Consequently, the controversy regarding the appropriateness of Elim Christian School, and the accompanying reimbursement, is moot.

Plaintiffs, while arguing that remand is appropriate, outline the four things that would satisfy them. (DE 139, Pl.'s Resp., at 7.) First, Plaintiffs demand that School Defendants concede to the appropriateness of Elim Christian School as a placement. (*Id.*) While this has not expressly occurred, School Defendants have at least impliedly acquiesced to this demand. Next Plaintiffs request that School Defendants withdraw their challenge to the hearing officer's order. This is

unnecessary as the Court has already ruled on their challenge and upheld the hearing officer's order regarding the School Defendants denial of a FAPE to J.H. Finally, Plaintiffs request that School Defendants agree to reimburse Plaintiffs for the placement at Elim during the summer of 2011 and address the issue of attorneys' fees. The Court will address these two issues separately.

First, on the issue of reimbursement, School Defendants contend that they have completely reimbursed J.H.'s parents for his placement at Elim Christian School. School Defendants maintain that they "reimbursed J.H.'s family . . . $50,000 for the one year period between June 2011 and the end of the school year in 2012." (DE 140, Defs.' Reply, at 4.) School Defendants then submit that they reimbursed J.H.'s parents $2,177.88 for J.H.'s 2011 summer tuition, which satisfied the hearing officer's order demanding School Defendants reimburse Plaintiffs $50,000 per year. (*Id.* at 5.) Based on School Defendants statements and exhibits, it appears they have complied with the hearing officer's order.

Plaintiffs respond that they "have not yet fully been reimbursed for [J.H.'s] placement" during the summer of 2011, but provide no supporting documentation. (DE 139, Pl.'s Resp., at 5.) This minor dispute does not create a live controversy on the issue of appropriateness or reimbursement. The Court's previous order to remand to determine the appropriateness of Elim Christian School would not lead to a higher compensatory award from the hearing officer. At best, on remand, the hearing officer would find Elim Christian School was an appropriate placement and uphold his previous award.

On the issue of attorneys' fees, remand is unnecessary for the Court to address this issue in the future. Section 1415(e)(4)(B) of the IDEA provides that, in any proceeding brought under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents . . . of a child or youth with a disability who is the prevailing party." *Monticello Sch. Dist. No. 25 v. George L.*, 102 F.3d 895, 906-907 (7th Cir. 1996). The three-part test to

determine whether a prevailing party is entitled to attorneys' fees directs a court to look at: (1) the difference between the judgment recovered and the recovery sought; (2) the significance of the legal issue on which the plaintiff prevailed; and (3) the public purpose of the litigation, in particular, "whether the plaintiff's success accomplished some public goal other than occupying the time and energy of counsel, court, and client." *Id*. at 907. After examining the elements of a claim for prevailing party attorneys' fees, the Court is comfortable that its decision to reconsider its previous Order does not disadvantage Plaintiffs in any respect.

**D. Conclusion**

The Court finds, after learning that School Defendants have already reimbursed Plaintiffs in accordance with the hearing officer's order and will not attempt to recoup these payments, that the controversy regarding reimbursement is moot. As a result, the Court agrees with School Defendants that remand is unnecessary in this case. Accordingly, the Court grants School Defendants' motion for reconsideration (DE 138) and rescinds the portion of its previous Order (DE 137) that ordered remand to the hearing officer. Additionally, the Court denies Plaintiffs' motion for a hearing on this issue (DE 141). Consequently, the remaining issues before the Court are the Plaintiffs' claim for attorneys' fees as a prevailing party and § 1983 claim.

Nevertheless, there remains some disagreement between the parties regarding reimbursement for the summer of 2011. To allow Plaintiffs to respond to School Defendants claim that they have fully complied with the hearing officer's compensatory award, Plaintiffs are permitted to submit a brief on the issue of summer 2011 reimbursement within thirty days of the issuance of this Order.

SO ORDERED on February 11, 2015.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE